{¶ 16} I concur in judgment only because I believe that the majority opinion ignores clear precedent from the Ohio Supreme Court which this Court has consistently applied regarding the standard applicable to waiver of the right to counsel.
 {¶ 17} The majority opinion states that a trial court is not required to consider the factors enumerated in Von Moltke v. Gillies (1948),332 U.S. 708, 92 L.Ed. 309 in determining whether a defendant has validly waived his right to counsel. These factors include the trial court advising the defendant of the nature of the charges, the range of allowable punishment, the possible defenses and any mitigating circumstances. These matters are set before a defendant to advise him of the dangers and disadvantages of self-representation such that his waiver is made knowingly, voluntarily and intelligently.
 {¶ 18} These factors were adopted by the Ohio Supreme Court in Statev. Gibson (1976), 45 Ohio St.2d 366, and reiterated recently in State v.Martin, 103 Ohio St.3d 385, 2004-Ohio-5471. Lower courts, including this Court, have consistently followed this precedent.
 {¶ 19} Despite the Ohio Supreme Court's clear standard regarding the waiver of the right to representation, this Court now wishes to deviate from this precedent by arguing that Gibson and Martin, supra, do not in fact require the trial court to consider all the factors set forth in VonMoltke. Otherwise, the majority argues, the trial court is put in the position of undertaking "pseudo-legal representation" of a defendant. The majority likewise tries to distinguish this Court's precedent following the dictates of Gibson and Martin by arguing that our prior case law was merely "dicta" and "unnecessary to the outcome of those cases."
 {¶ 20} I believe that Gibson and Martin do in fact require a trial court to consider the Von Moltke factors. I also do not believe thatGibson, Martin and this Court's own clear precedent following these Ohio Supreme Court cases should be disregarded. The doctrine of stare decisis precludes this Court from declining to follow the law as set forth by the Ohio Supreme Court. "As the United States Supreme Court has observed, faced with controlling authority by a superior court and another line of decisions, a court of appeals has only one course — to follow the authority of the court to which it is inferior, `leaving to [the higher court] the prerogative of overruling its own decisions.'" (Internal citations omitted.) Johnson v. Microsoft Corp., 156 Ohio App.3d 249,2004-Ohio-761, at ¶ 8. "Under the doctrine of stare decisis, we are bound to apply the Ohio Supreme Court's determination on a point of law."State v. Greene, 10th Dist. No. 02AP-1247, 2003-Ohio-2832, at ¶ 18. "As a court of error, we cannot simply ignore the stare decisis character of an Ohio Supreme Court holding." (Italics sic.) State v. Twyford, 7th Dist. No 98-JE-56. "As an inferior appellate tribunal, we are constrained to follow the holdings of the Ohio Supreme Court as stated in the syllabus of its reported decisions." State v. Pickens, (Mar. 15, 2001), 8th Dist. No 77426. See, also, Mortgage Electronic Registration Sys. v.Odita, 10th Dist. No 04AP-255, 2004-Ohio-5546; Wynn v. Ohio Natl. Guard
(Jan. 12, 1990), 5th Dist. No. CA-2721.
 {¶ 21} The majority justifies its departure from precedent on the grounds that it does not wish to place the trial court in the position of having to acquaint itself with all the facts and circumstances of a case in order for a defendant's waiver of the right to representation to be valid. However desirable this goal may be, it does not justify departing from precedent. Twyford, supra.
 {¶ 22} Further, Gibson and Martin do not require that the trial court undertake "pseudo-representation" of a defendant. The factors set forth in Gibson are for the purpose of ensuring that a defendant's waiver is made knowingly, voluntarily and intelligently. Gibson, 45 Ohio St.2d at paragraph one of the syllabus. The factors a court must address in each case will vary based on the facts of that case. For example, in this case, there were no mitigating factors. Consequently, the trial court did not err in failing to address this factor. The majority's newly-announced standard deviates from clearly-established precedent which already addresses the majority's concern.
 {¶ 23} For the foregoing reasons, I concur in judgment only.